CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TOMMY VANDYKE, | CASE NO. 7:12CV00178 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| BILL BRANCH COAL CO., INC., ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendants. | |

Tommy Vandyke, a Virginia inmate proceeding pro se, has filed two copies of a civil complaint, alleging that he is entitled to monetary damages from the coal mine where he worked as a child and from other individuals, because of medical conditions that now trouble him.[1] Vandyke applies to proceed in forma pauperis, moves for appointment of counsel, and moves for judgment. After review of Vandyke's allegations, the court construes the complaint as a civil rights action pursuant to 42 U.S.C. § 1983, grants Vandyke's application to proceed in forma pauperis, and summarily dismisses the action for failure to state a claim.

I

Vandyke alleges the following events related to his claims in this action. As a child, under the age of 18 and still in elementary school, Vandyke was "put to work" at a coal mine operated by Bill Branch Coal Co., Inc. Vandyke asserts that on Saturdays and during summer school breaks, he was "forced" to work at the mine without first undergoing safety training required under state and federal laws. One of his teachers "found a dis[l]ocated disk in [Vandyke's] lower back" and told the boy's mother about the injury. Vandyke was taken to

---

[1] Vandyke has also filed a separate set of submissions raising § 1983 claims against officials at the Southwestern Virginia Regional Jail concerning jail conditions. Vandyke is advised that the court is reviewing these matters, which will be addressed separately, and a copy of any opinion or order will be mailed to him.

Bristol Memorial Hospital, where he was fitted with a back brace that he wore for six months; he had to complete that school year from home.

In 2011, Vandyke applied for Social Security Disability benefits because of the physical handicap caused by the dislocated disc in his back. Vandyke discovered that the mine had not withheld Social Security taxes on the wages paid to Vandyke as a child. Vandyke asserts that as a result of these events from his childhood, he suffers from post traumatic stress disorder and major depressive disorder, as well as severe pain from the bulging disc in his back, which also causes sciatic nerve pain in his right leg.

Vandyke sues the mining company, Thomas K. Vandyke, James R. Vandyke, and Kenneth Potter. Vandyke asserts that these defendants are liable to him for $1,000,000 for violations of the Thirteenth Amendment to the United States Constitution, which outlawed slavery, and for violations of "MSHA, Federal Mining Laws and Regulations."

## II

The court will grant Vandyke's application to proceed in forma pauperis, but only to the extent that, as an inmate litigant, he may pursue the action without prepayment of the $350.00 fee.[2] The court has a mandatory duty to screen initial filings from litigants granted in forma pauperis status, Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006), and must summarily "dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94,

---

[2] See 28 U.S.C. § 1915(a)(2) and (b) (providing that inmate plaintiff qualifying for in forma pauperis status may pay filing fee through installments from inmate trust account).

2

(2007). Under exceptional circumstances, in which an indigent, civil plaintiff presents a colorable legal claim, but lacks the capacity to present it, the court should seek an attorney willing to represent plaintiff in the case. Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978) (applying Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975)). On the other hand, "judges are not . . . required to construct a [pro se] party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A plaintiff alleging that he has been deprived of rights guaranteed by the Constitution or laws of the United States through the conduct of a person acting under color of state law may bring a civil action under § 1983. West v. Atkins, 487 U.S. 42 (1988). To state a claim actionable under § 1983, a plaintiff must demonstrate that the conduct causing the alleged constitutional violation is "fairly attributable to the State," so as to qualify as "acting under color of state law" (also known as "state action"). Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Lugar sets out a two-part approach to determining state action, whereby a plaintiff must state facts showing: (a) "The deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (b) "The party charged . . . must be a person who may fairly be said to be a state actor"–a state employee or someone who "has acted together with or has obtained significant aid from state officials," or someone whose "conduct is otherwise chargeable to the State." Id.

3

Vandyke's submissions simply fail to state facts sufficient to present a plausible claim that any of the defendants acted under of color of state law in their alleged interactions with Vandyke.[3] Vandyke's sparse allegations offer no indication whatsoever that the mining company or the individual defendants exercised any state-created privilege by which they deprived Vandyke of rights, nor do his factual allegations suggest that defendants' conduct could be, in any respect, chargeable to the state as required under the Lugar test. Because Vandyke fails to prove that his defendants were state actors, he cannot proceed under § 1983. The court, therefore, summarily dismisses Vandyke's claims under § 1983.

Perhaps Vandyke believes that he has some private right to bring a civil action for damages under "MSHA" or the other federal statutes and regulations to which he vaguely refers. His conclusory reliance on these statutes, without citation to any particular statutory provision or principle, is not sufficient to state a "plausible" claim against the defendants under these federal laws. The court's duty of liberal construction does not extend to fishing through the United States Code for some legal concept on which to hang Vandyke's grievances about his childhood work experience. "Federal jurisdiction may not be premised on the mere citation of federal statutes." Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). The court summarily dismisses Vandyke's claims under MSHA and other federal statutes or regulations.

For the reasons stated, the court dismisses Vandyke's complaint without prejudice, pursuant to § 1915(e)(2)(b), for failure to state a claim. As Vandyke fails to state any viable claim in this action, the court cannot find that he is entitled to appointment of counsel or judgment as he has requested. Accordingly, the court denies Vandyke's motions for appointment of counsel and motion for judgment. An appropriate order will issue this day.

---

[3] Moreover, Vandyke's § 1983 claim also fails because he does not allege any facts concerning how each defendant was personally involved in any of the general complaints Vandyke makes about his work in the mine or in the mining company's alleged failure to pay all appropriate taxes. West, supra.

4

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of May, 2012.

／s／ Glen Conrad
Chief United States District Judge